UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MCGEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MILPITAS POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 23-cv-02559-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 45 |

On October 23, 2023, the Court issued an order dismissing Mr. McGee's amended complaint with prejudice and entered judgment against him. Dkt. Nos. 43, 44. Now, Mr. McGee, who is representing himself, has filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 45. Defendants Milpitas Police Department and the City of Milpitas oppose this motion. Dkt. No. 46.

The Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving papers and the applicable law, the Court denies Mr. McGee's motion to alter or amend the judgment.

**I.  LEGAL STANDARD**

The Court may alter or amend a judgment under Rule 59(e) upon a showing of one of four grounds: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Id.* Rule 59(e) "offers an extraordinary

remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations and citation omitted). Indeed, a Rule 59(e) motion "'should not be granted, absent highly unusual circumstances[.]'" *Id.* (quoting *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Moreover, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations and citation omitted); *see also Kona Enterps., Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

## II.     DISCUSSION

Mr. McGee claims that the judgment against him was entered on the basis of mistakes of law and fact because: (1) defendants' motion to dismiss was not filed within 21 days of service of the summons and complaint; (2) the Clerk erred by declining to enter defaults against defendants; and (3) defendants failed to answer his complaint. *See* Dkt. No. 45 at 4-12. None of these arguments has merit.

### A.     Defendants' Motion to Dismiss

Mr. McGee argues that the defendants' motion to dismiss (Dkt. No. 30) was not timely filed within 21 days of service, as required by the Federal Rules of Civil Procedure. Dkt. No. 45 at 4-6; Fed. R. Civ. P. 12(a)(1)(A)(i). This contention is incorrect.

Mr. McGee asserts that defendants were informed of his complaint on "June 02, 2023 or sometime shortly thereafter." Dkt. No. 45 at 4. However, defendants were not *served* on that date. On June 2, 2023, the Court issued an order screening Mr. McGee's complaint, and directing the Clerk to issue summons and the U.S. Marshal to serve the summons and complaint on defendants. Dkt. No. 8. The summons were not actually issued until June 27, 2023 and the first defendant, the City of Milpitas, was not served until July 7, 2023. Dkt. Nos. 12, 16. The other defendant, the Milpitas Police Department, was not served until July 26, 2023. Dkt. No. 22.

Rule 12 requires defendants to file a responsive pleading "within 21 days after being

1  served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Here, that deadline was
2  July 28, 2023 for the City of Milpitas (21 days after service on July 7) and August 16, 2023 for the
3  Milpitas Police Department (21 days after service on July 26). *See* Dkt. No. 16. On July 28,
4  2023, all defendants moved for an extension of their responsive pleading deadlines to August 18,
5  2023. Dkt. No. 19; Fed. R. Civ. P. 6(b). Mr. McGee did not oppose this request, and the Court
6  granted it. Dkt. Nos. 20, 25. Defendants then filed their motion to dismiss on August 18, 2023,
7  pursuant to the Court's order. Dkt. No. 30. This motion was timely.

### B. Denial of Mr. McGee's Motions for Default

Mr. McGee next argues that the Clerk's denial of his motions for entry of default were mistaken. Dkt. No. 45 at 7-10. This contention is also incorrect.

Mr. McGee claims that defendants "[have] been in default since the second issuance of summons," by which Mr. McGee presumably means June 27, 2023. Dkt. No. 45 at 7. Again, Mr. McGee misunderstands the distinction between *issuance* of summons and *service* of summons. On June 27, 2023, the Clerk issued the summons. *See* Dkt. No. 12, Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). The summons were not served on defendants until July 7 and 26, 2023, when Deputy U.S. Marshals physically delivered the summons and complaint to defendants. Dkt. Nos. 12, 16; Fed. R. Civ. P. 4(c), (j). Only *service* of summons triggers defendants' obligation to respond to Mr. McGee's complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Mr. McGee cites to Rule 5 in support of his argument that defendants received notice of this lawsuit by mail.[1] Dkt. No. 45 at 7-8. But Rule 5 does not apply here. Rule 5 generally describes the requirements for serving papers after a case is commenced, while Rule 4 governs service of the summons and complaint. *See* Fed. R. Civ. P. 5(a)(1)(B) (discussing service of "pleading[s] filed *after* the original complaint") (emphasis added); Fed. R. Civ. P. 4(j)(2)

---

[1] The record does not reflect that the summons here were mailed to defendants, as Mr. McGee asserts. *See* Dkt. No. 45 at 7-8; Dkt. No. 12.

(describing requirements for serving state and local governments).

Because defendants were not served with summons and the complaint until July 7 and July 26, 2023, and because their deadlines to respond to the complaint were later extended by court order, defendants were not in default at any time.

### C. Defendants' Failure to Answer

Mr. McGee argues that defendants failed to file a timely answer to his complaint and for this reason, the Court should not have granted their motion to dismiss. Dkt. No. 45 at 1-13. This contention is incorrect as well.

Rule 12 does not set a deadline for pre-answer motions different than that for responsive pleadings, as Mr. McGee claims. Dkt. No. 45 at 12. It simply provides that a such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988) ("This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed."). Thus, defendants may respond to a complaint by filing either an answer or a motion under Rule 12(b).[2] Once a defendant files a motion under Rule 12(b), its deadline to file an answer or other responsive pleading is suspended pending the court's decision on the motion. Fed. R. Civ. P. 12(a)(4)(A) ("[S]erving a motion under this rule alters these periods [i.e. the deadlines to file an answer] as follows . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.").

Here, defendants filed a motion to dismiss under Rule 12(b)(6) on August 18, 2023, the date that their answer was due. Dkt. No. 30. This relieved them of their obligation to file an answer until this Court denied their motion or postponed its disposition. Fed. R. Civ. P. 12(a)(4)(A). Because the Court *granted* defendants' motion, the case was dismissed, and

---

[2] This District's handbook for pro se litigants describes this procedure in some detail: "Under Rule 12 of the Federal Rules of Civil Procedure, there are two general ways to respond [to a complaint]. You can: 1. File an answer to the complaint, OR 2. File a motion challenging some aspect of the complaint. If you file a motion, you may still have to file an answer but only after the Court rules on your motion." U.S. District Court, Northern District of California, *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants* 18 (2020), available on the Court's website at https://cand.uscourts.gov/pro-se-litigants/.

defendants were not required to answer.

## III.   CONCLUSION

Mr. McGee has identified no "manifest errors of law or fact." *Turner*, 338 F.3d at 1063. Moreover, most of the arguments Mr. McGee makes in support of his motion are identical to arguments the Court has already addressed and are not new in any respect. *See* Dkt. No. 42 (order denying previous motions for default). Mr. McGee's motion to alter or amend the judgment is denied.

**IT IS SO ORDERED.**

Dated: November 15, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge