UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANTHONY MCGEE,

Plaintiff,

v.

MILPITAS POLICE DEPARTMENT, et al.,

Defendants.

Case No.  23-cv-02559-VKD

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(B)**

Re: Dkt. No. 64

On April 15, 2026, plaintiff Anthony McGee, who is representing himself, filed a "Motion to Vacate Judgment Under Rule 60(b)(4) or Alternatively Rule 60(b)(1) and Rule 60(b)(6)." Dkt. No. 64.  Mr. McGee asks the Court to vacate the judgment entered in this action because "the Court's dismissal was reached in error." *Id.*  The Court denies Mr. McGee's motion to vacate judgment.

Rule 60(b) "provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (citations omitted).  Rule 60(b) provides for relief from a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  Such a motion must be made within a "reasonable time," and as to grounds for relief pursuant to Rule 60(b)(1)-(3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).  A "mistake" under Rule 60(b)(1) includes where "the district court has made a

substantive error of law or fact in its judgment or order." *Wilson v. Tesla, Inc.*, No. 17-cv-03763-JSC, 2019 WL 4261066, at *2 (N.D. Cal. Sept. 9, 2019) (citations omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 271. Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (internal quotation marks and citations omitted).

First, the Court finds that Mr. McGee did not file his motion within a reasonable time. On October 23, 2023, the Court granted defendants' Rule 12(b)(6) motion to dismiss plaintiff's amended complaint without leave to amend. Dkt. No. 43. On October 24, 2023, the Court entered judgment in favor of defendants and against plaintiff. Dkt. No. 44. On November 16, 2023, Mr. McGee filed a notice of appeal of "all orders and final judgments in the case" to the U.S. Court of Appeals for the Ninth Circuit. Dkt. No. 50. On March 20, 2025, the Ninth Circuit affirmed this Court's order and judgment, and on April 11, 2025, issued a mandate accordingly. Dkt. Nos. 54, 55. Mr. McGee's motion, filed more than two years after the Court entered judgment and more than one year after the Ninth Circuit's affirmance of the Court's decision, is untimely.

Second, Mr. McGee's motion does not meet any of the standards for relief set forth in Rule 60(b)(1), (4), or (6). Mr. McGee has made no showing that the Court made a mistake in its October 23, 2023 order, that the underlying judgment is void, or that there are otherwise extraordinary circumstances which justify relief to "prevent manifest injustice." Mr. McGee contends the Court's "reliance on [Mr. McGee's juvenile records] was a procedural error." Dkt. No. 64 at 3. However, the Court did not make any evidentiary findings in its October 23, 2023 order and did not rely on any juvenile records, but rather relied on the facts alleged in the complaint to conclude that Mr. McGee failed to state a claim on which relief could be granted. *See* Dkt. No. 43.

The Ninth Circuit considered Mr. McGee's appeal from this Court's decision and affirmed

United States District Court
Northern District of California

dismissal of his action, meaning that at this point, his case has been fully adjudicated and the matter is finally decided. "Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." *Williams v. Lujan*, No. 16-cv-04290-HSG, 2018 WL 3861655, at *1 (N.D. Cal. Aug. 14, 2018) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

Accordingly, Mr. McGee's motion to vacate judgment is denied. This case remains closed, and the Clerk is directed not to accept any further filings in this closed case.

**IT IS SO ORDERED.**

Dated: April 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3